(No. 33146.— ■

SYBLE H. BEHRENDS, Appellant, *vs.* LENA MARIE WAIDE *et al.,* Appellees.

*Opinion filed May 24, 1954—Rehearing denied July 13, 1954.*

J. W. TEMPLEMAN, of Springfield, for appellant.

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Brown County, dismissing for want of equity the complaint herein which sought to set aside a deed from appellant to her daughter, Lena Marie Waide. A freehold being involved, the appeal comes directly to this court.

The appellant, Syble H. Behrends, filed her complaint in chancery in the circuit court of Brown County alleging that on October 7, 1950, she was the owner of a certain .45 acres of real estate. The complaint stated that in reliance upon fraudulent representations made to the appellant by the appellees, her daughter and son-in-law, that she was to sign a document to obtain new eyeglasses, she executed a quitclaim deed for the premises in question to her daughter; that she was 80 years of age; that her eyesight was poor and that other arrangements had been previously

made for the descent of said real estate. A copy of the quitclaim deed was attached to the complaint and made a part thereof which showed the conveyance to have been made on October 7, 1950, and that the grantor reserved unto herself a life estate therein.

Subsequently, the appellant filed an amendment to her complaint by which she added a second count alleging that on October 7, 1950, she was induced by the appellees to make a trip to Jacksonville, Illinois, to consult an optician in regards to her eyes; that after said examination she was taken to the office of attorney Foreman who had in his possession a prepared deed and will which he told her to sign and which she did sign without any information from said attorney as to the contents or meaning of said documents. She further alleged that because of her poor eyesight she was unable to read and that upon leaving the attorney's office she took the deed and will home and there she requested the defendant, Lena Marie Waide, to deliver them to the banker to be placed in her safety-deposit box. By her amendment appellant claimed the deed to the premises in question was never delivered to her daughter for recording but that the same was in fact recorded by her against the will of the appellant and without her consent. The complaint and amendment thereto prayed that the deed in question be set aside and declared null and void. Answers were filed by both appellees and issues were thereupon formed upon the question of fraud claimed in the original complaint and upon the question of delivery as framed in the amendment. The cause was then referred to a master to take testimony and to report his conclusions.

The oral and documentary evidence presented before the master tended to show that on February 28, 1920, the appellant joined with her husband in a conveyance of the property, which is the subject matter of this suit, to the appellant, Syble Behrends. In the year 1948, Tonie K. Behrends executed his will by the terms of which he di-

vided his real estate among his two sons and his daughter, the appellee Lena, subject to a life estate in the appellant. Paragraph Fifth of the will devised the 45 acres in question to the appellee Lena Marie Waide, subject to the life estate and then directed "that she pay to my son, Leo H. Behrends the sum of Two Thousand Dollars ($2,000.00) within six months of the death of my said wife, or within six months of my death if my said wife fails to survive me." On May 24, 1950, Tonie K. Behrends died and thereafter his will was admitted to probate. The record contains many incompetent remarks of witnesses and there is the usual amount of contradiction as to immaterial matters. On the main issue in the case, namely, the circumstances under which the deed executed on October 7, 1950, was handed from the appellant to the appellee Lena, there is also contradictory testimony. Briefly stated, the testimony of the appellant was to the effect that she believed the appellees drove her to Jacksonville for the sole purpose of obtaining new glasses. Afterwards they took her to the office of attorney Foreman, whom she did not know. He told her to sign the deed in question and a will without reading or explaining either of the documents to her. Appellant stated she was unable to read and that at the time of testifying before the master she did not know the contents of either document. On the way home from the attorney's office, she said she handed the papers to her daughter with the directions to take them to the banker to be placed in her bank box.

The testimony of the appellees on the question of delivery was, in substance, that the appellant handed the deed and will to Lena and told her that the deed was hers and not to worry about it and to leave the will with the banker to be put in the safety-deposit box. The appellant and the two appellees were the only persons present at the time possession of the documents was transferred from the appellant to Lena. The fact that the deed had been

recorded seemed to be the only circumstance bothering the appellant, for she reiterated on both direct and cross-examination that Lena was to have the property upon her death just as her husband had provided in his will.

Attorney Foreman was called to testify on behalf of the appellees, and, over objection, he testified concerning the conversation with the appellant in his office. He also stated he questioned appellant ·in the presence of his secretary as to the manner in which she wished to leave her property by will. The secretary recorded the questions and answers in shorthand, and a transcription of the same was read into the evidence. The secretary was called to testify from her shorthand notes as to the same inquiries and responses thereto. It is unnecessary at this point to examine the testimony in closer detail or to discuss the testimony of other witnesses.

Following the hearings before the master but before the filing of the master's report, the appellees filed an amendment to their answer in which they set forth the conveyance of the 45 acres from Tonie K. Behrends to the appellant in 1920; the fact that he died testate on May 24, 1950, leaving a will, the provisions of which have been heretofore discussed; and that the title to the property in dispute had become vested in the appellee Lena Marie Waide by reason of the acceptance by the appellant of the provisions of said will and her failure to renounce the same. The amendment prayed that the complaint be dismissed for want of equity. Objection was made to the filing of the amended answer on the grounds that the matter was then pending before the master in chancery, that it constituted a separate suit and that other parties who were not joined in the present suit were interested in the construction of said will. Subsequently, a reply was filed to the amended ansewr asking that it be stricken.

The master filed his findings and concluded that the testimony of attorney Foreman was competent; that no

fraud was shown; that appellant failed to prove the allegations of her complaint and amendment thereto by the greater weight of the evidence; that said deed was in the nature of a voluntary settlement; that the acts of the appellant in connection with the administration of the estate of Tonie K. Behrends did not constitute an election to surrender the remainder after her life estate and have the same pass under the will of Tonie K. Behrends; that Lena Marie Waide is now seized in fee simple of the title to said real estate under said deed subject to the life estate of the appellant; and that the equities were with the appellees.

The master further found from the evidence that the appellant, Syble H. Behrends, in the fall of 1950, paid to her son Leo R. Behrends the sum of two thousand dollars ($2,000.00), which corresponds, in the amount, with the sum Leo was to receive from Lena Marie Waide, under the will of his father, Tonie K. Waide, deceased; that she did not give either of her other children a sum of money comparable to the amount she gave Leo, and that a fair inference would be that this payment indicated a desire on the part of the appellant to carry out the terms of her husband's will.

It seems strange that on appeal appellant should argue that the weight of the evidence would support a finding that she had elected that the property pass under the will of her deceased husband, for it would appear that, if this be so, any reason for setting aside the quitclaim deed to Lena is eliminated, since fee title was lodged in Lena by virtue of the will.

The court found that the findings and conclusions of the master were fully supported by the evidence and by the law and entered a decree approving same and dismissed the complaint for want of equity.

The decree of the circuit court of Brown County is therefore affirmed.

*Decree affirmed.*